**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PERCY L. JETER,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  11-996 (JEB)** |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | |
| **Defendants.** | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Percy L. Jeter, a federal prisoner and *pro se* litigant, brings this action against Defendants  Federal Bureau of Prisons and U.S. Parole Commission pursuant to the Privacy Act, 5 U.S.C. § 552.  He claims that Defendants have refused to take measures to correct erroneous information about a prior conviction in his pre-sentence report, which error has adversely affected his chances for parole.  Defendants have moved to dismiss the case on both procedural and substantive grounds, which Motion the Court now grants.

I.      **Background**

According to his Complaint, which the Court must presume true for purposes of this Motion, Plaintiff is an inmate currently serving a sentence at U.S.P.-McCreary in Pine Knot, Kentucky.  <u>See</u> Compl. at 1. On March 18, 2009, he appeared before the Parole Commission for a hearing. <u>See</u> <u>id</u>.  During that hearing, information in Plaintiff's pre-sentence report (PSR) that related to a prior felony conviction from 1978 was detrimentally used to calculate his parole eligibility. <u>Id</u>. at 1-2.

Plaintiff then raised this purported inaccuracy, and BOP submitted his allegations to the District of Columbia's Probation Office, known as the Court Services and Offender Supervision Agency (CSOSA).  CSOSA reviewed the material and determined that the information in the PSR was in fact correct.  <u>See</u> Motion, Exh. E (CSOSA Letter of Nov. 10, 2010).

Plaintiff nonetheless filed suit in this Court on May 31, 2011, alleging that the BOP and USPC had created and maintained an inaccurate record in the form of the PSR in violation of the Privacy Act and his right to due process.  Compl. at 2.  Defendants have responded by filing the instant Motion to Dismiss.

## II.      Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor.  <u>Leatherman v. Tarrant Cty. Narcotics & Coordination Unit</u>, 507 U.S. 163, 164 (1993).  The notice pleading rules are "not meant to impose a great burden on a plaintiff," <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 584 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, <u>Twombly</u>, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).  Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," <u>Twombly</u>, 550 U.S. at

555 (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint

"must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

**III.     Analysis**

   A.  <u>Statute of Limitations</u>

   Defendants first argue that Plaintiff's claim under the Privacy Act is barred by the statute

of limitations. The Privacy Act states, "An action to enforce any liability created by this section

… may be brought … within two years from the date on which the cause arises." 5 U.S.C. §

552a(g)(5). For the purposes of determining when the cause arose, "the statute of limitation does

not begin to run until the 'plaintiff knows or should know of the alleged violation.'" <u>Kursar v.</u>

<u>TSA</u>, 751 F. Supp. 2d 154, 165 (D.D.C. 2010) (quoting Tijerina v. Walters, 821 F.2d 789, 798

(D.C. Cir. 1987)); <u>see also</u> <u>Szymanski v. U.S. Parole Comm'n</u>, 870 F. Supp. 377, 378 (D.D.C.

1994) ("A cause of action [under the Privacy Act] arises … at the time that … the plaintiff knew

or had reason to know of the error."). Therefore, the statute of limitations was triggered here

when Plaintiff first became aware of the erroneous information in his PSR.

   In this case, Plaintiff would have had an opportunity to review his PSR, which contained

the allegedly erroneous information, before both his 2002 and 2006 parole hearings. <u>See</u> Motion,

Exh. A (2002 and 2006 parole denials).[1]  Nor would the doctrine of equitable tolling apply here

since that doctrine "applies most commonly when the plaintiff 'despite all due diligence . . . is

unable to obtain vital information bearing on the existence of his claim.'" <u>Chung v. U.S. Dep't</u>

<u>of Justice</u>, 333 F.3d 273, 278 (D.C. Cir. 2003) (citation omitted).  As Plaintiff did not lack access

---

[1] Even if these records are not to be considered as part of Plaintiff's administrative records, which could be considered on a motion to dismiss, <u>see</u> <u>Bernard v. Dept. of Defense</u>, 362 F. Supp. 2d 272, 279 (D.D.C. 2005), the Court may consider them in converting this Motion into one for summary judgment.  <u>See</u> Fed. R. Civ. P. 12(d). Plaintiff here has not asked for additional time to submit any other records challenging the existence of these hearings; indeed, he himself admits they occurred.  <u>See</u> Opp. at 6.  Furthermore, these documents are certified USPC documents, the authenticity of which is not subject to debate.

to the vital information – indeed, he twice had the opportunity to review it previously – his claims are time-barred.

B.  BOP Exemption

Even were the statute of limitations not a bar, Plaintiff's claim against BOP would fail because the PSR maintained by BOP is exempt from the provisions of the Privacy Act. Under the terms of the Act, the head of an agency may exempt any system of records if "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including … parole authorities, and which consists of … reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws . . . through release from supervision."  5 U.S.C. § 552a(j)(2). Pursuant to this authority, BOP has exempted certain record systems from the Privacy Act, including the Inmate Central Record System that maintains the Plaintiff's PSR.  See 28 C.F.R. § 16.97(a)(4).  Because this record system is exempt from the Privacy Act, BOP need not correct Plaintiff's PSR.  See White v. U.S. Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (plaintiff inmate barred from seeking amendment of his presentence report); Molzen v. Federal Bureau of Prisons, No. 05-2360, 2007 WL 779059, at *4 (D.D.C., Mar. 8, 2007). Therefore, Plaintiff's claim against the Bureau of Prisons cannot succeed.

C.  Accuracy of PSR

While this provision may exempt BOP, USPC is not similarly shielded.  That matters not at all here because, even absent the procedural bars, Plaintiff can obtain no relief because he misinterprets the records that he attaches to his Complaint.  See ECF No. 1 at 6-7.  In other words, there is no inaccuracy in his PSR to be corrected.  CSOSA's review of the Superior Court records revealed that the PSR correctly counted the conviction for Assault with a Dangerous

Weapon (Case No. 5513-78), which Plaintiff claims had been dismissed. CSOSA determined, instead, that Plaintiff's Auto Tampering charge (Case No. 4308-78) had been dismissed. See CSOSA Letter. The Court's independent review, no doubt assisted by many years of reading Superior Court jackets, confirms CSOSA's determination.

The first page appended shows that it is an excerpt from the first page of the court jacket belonging to juvenile case 5513-78 because that number appears on the far right of the page in large type displayed vertically. A related case is 4308-78, which appears under the heading "Cross References" at the top of the page. The second page appended is demonstrably not from the same case jacket, and this is where Plaintiff's confusion (if it is not intentional) stems from. See ECF No. 1 at 7. The docket entries on this page refer twice to case 5513-78 as a different case, which shows that this second page is not from the 5513-78 jacket, but rather from the jacket of the related case, presumably 4308-78 An entry notes that the current case (again, presumably 4308-78) will "be heard along [with] J-5513-78." Then Plaintiff is noted as being "committed to SRA [the predecessor of Youth Rehabilitation Services] in J-5513-78 this case is hereby dismissed." It certainly would have been better if the clerk had inserted a semicolon or period between "J-5513-78" and "this," but the meaning remains clear: Plaintiff was committed in 5513-78, and "this case" refers to 4308-78 because that is the jacket on which these entries are being made. The case being dismissed is thus not 5513-78.

Plaintiff has thus suffered no injury where no error was actually made in his PSR.

D. Due Process

Plaintiff last alleges that BOP deprived him of due process "under the Privacy Act." See Compl. at 2. It is unclear whether he seeks to assert a separate constitutional claim in addition to his action under the Privacy Act. Even if he were endeavoring to do so, "[i]nsofar as his

constitutional claims are in fact reiterations of his claims that the [agencies] violated the Privacy

Act, those claims therefore must fail."  Blazy v. Tenet, 979 F. Supp. 10, 27 (D.D.C. 1997) (citing

Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir. 1988)).  This is particularly so where no error

exists.

IV.     Conclusion

As the Court finds that Plaintiff has failed to establish a claim upon which relief can be

granted against BOP or USPC, the Court will issue a contemporaneous order granting

Defendants' Motion.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  January 27, 2012